IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| MICHAEL B. WALKER, | ) | |
| | ) | Civil No. 04-980-AS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| STATE OF OREGON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ASHMANSKAS, Magistrate Judge:

**PROCEDURAL BACKGROUND**

Plaintiff Michael B. Walker, an inmate at the Snake River Correctional Institution (SRCI), brings this civil rights action *pro se*. Plaintiff's complaint alleges that defendants' (the State of Oregon, 10 named individuals and Does 1-30) medical treatment decisions involving his hepatitis C infection (HVC) violated his rights under the Eight Amendment, the Americans with Disabilities Act, and the Oregon constitution and intentionally

1 - FINDINGS AND RECOMMENDATION                              [LB]

inflicted emotional damage. Plaintiff seeks $14 million dollars in economic and non-economic damages and injunctive relief.

Defendants filed an Unenumerated 12(B) Motion to Dismiss on all claims for the following reasons: (1) plaintiff failed to exhaust administrative remedies; (2) the Eleventh Amendment bars suit in federal court against a state or state agency unless that immunity is waived by the state or abrogated by Congress; (3) defendants have qualified immunity from liability in damages because they did not violate plaintiff's clearly established constitutional rights; and (4) because with no significant, real or immediate possibility that he will be harmed in the future by any unconstitutional practices, plaintiff is not entitled to equitable relief.

In response, plaintiff argues, alternatively, that he was either precluded from completing his required exhaustion requirements or that he has in fact exhausted his administrative remedies, twice. As such, plaintiff contends this case must proceed to trial. For the reasons set forth below, defendants' Unenumerated 12(B) Motion to Dismiss should be granted and plaintiff's complaint should be dismissed without prejudice.

## DISCUSSION

Defendants seek an order dismissing plaintiff's complaint on the grounds that, among other things, plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation

Reform Act (PLRA).  Defendants maintain that plaintiff failed to exhaust his administrative remedies until after he filed this federal action on July 19, 2004.  According to defendants, the first time plaintiff attempted to file a grievance directly related this case[1] regarding his medical complaints was nearly a month after he filed in federal court.

The PLRA states:  "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a). Failure to exhaust is an affirmative defense that defendants have the burden of raising and proving.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied, 540 U.S. 810 (2003). The defense is subject to an unenumerated Rule 12(b) motion in which the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1120.

When a prisoner has not exhausted nonjudicial remedies, the court should dismiss the claim without prejudice.  Id.  The

---

[1] Plaintiff has previously filed two grievances, complaining of the medical treatment provided him for his hepatitis C infection (HCV), that were appealed and exhausted in accordance with the administrative rules.  The first, Grievance No. 205042, complained of a lack of HCV support groups for inmates to attend.  The second, Grievance No. 208052, complained that plaintiff was required to attend Alcoholics Anonymous meetings as a pre-requisite to receiving HCV treatment.  Neither of these issues are in dispute here.

prisoner must exhaust all available remedies, even if the remedies are not "plain, speedy, and effective," and even if the prisoner seeks relief not available in grievance proceedings, such as money damages. Porter v. Nussle, 534 U.S. 516, 524 (2002)(PLRA's exhaustion requirement applies to all prisoner suits about prison life, whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong).

In Oregon, grievances are processed in accordance with the Oregon Department of Corrections (ODOC) Administrative Rules for Inmate Communication and Grievance Review System.[2] Inmates can grieve: (1) the application of or lack of any administrative directive or operational procedure; (2) unprofessional behavior or action directed toward an inmate by an employee or volunteer; and (3) any oversight or error affecting an inmate. OAR 291-109-0140(2)(a). Inmates are encouraged to talk to first line staff as their primary way to resolve disputes and, if not satisfied, to use a written inmate communication form. OAR 291-109- 0120(2)(a)(A) and (B). If this does not resolve the issue, the inmate can file a grievance if it complies with the rules and no other review process is available. OAR 291-109-0140(1)(a) and (2)(b)(B).

---

[2] Plaintiff was an inmate at SRCI at all times material to this lawsuit.

An inmate can appeal a grievance response to the functional unit manager by completing a grievance appeal form and filing it with the grievance coordinator within fourteen days of receipt of the response. OAR 291-109-0140(5)(a). If still not satisfied, the inmate can appeal the functional unit manager's decision by completing another grievance appeal form and filing it with the grievance coordinator within fourteen days. This final appeal is decided by an assistant director having authority over the issue. OAR 291-109-0140(5)(b).

Discrimination complaints must be made pursuant to a different set of rules set forth in OAR 291-006-0005 through OAR 291-006-0025. Under these rules, an investigation is done and a response is given to the inmate. The inmate is then entitled to further review of the response to the discrimination complaint by a person or entity not under the supervision or control of the institution to which the inmate is assigned.

Defendants correctly argue that, in his complaint, plaintiff conceded that he failed to comply with the grievance process by responding "No" to the question: "Is the grievance process complete?" (Complaint ¶II D.) According to defendants, plaintiff's only related grievance that was filed prior to filing this case grievance #202021 dated February 3, 2002. In that grievance, plaintiff complained that he wanted additional HCV testing and a vaccination for Hepatitis A and B. Plaintiff's

5 - FINDINGS AND RECOMMENDATION [LB]

grievance #202021 was answered by Shirley Hodge, R.N., a Health Services Manager, on February 19, 2002. Plaintiff did not appeal her response to his grievance and, therefore, failed to complete the available administrative appeals process and failed to exhaust his administrative remedies prior to filing suit in federal court.

As mentioned above, plaintiff insists that he either exhausted administrative remedies or, alternatively, he was not allowed to submit grievances. Specifically, plaintiff claims he was not allowed to file grievances related to his HVC status due to the certification of <u>Anstett v. State of Oregon</u>, CV No. 01-1619-BR. In support of his claim that he was barred from the grievance process, plaintiff submitted the following three exhibits: 1. Exhibit 103 - "NOTICE OF CLASS ACTION TO ALL INCARCERATED INDIVIDUALS"; 2. Exhibit 104 - "OREGON DEPARTMENT OF CORRECTIONS INMATE COMMUNICATION" (August 2, 2004); and, 3. Exhibit 105 - "OREGON DEPARTMENT OF CORRECTIONS INMATE COMMUNICATION" (November 1, 2004). The court will consider these three exhibits to determine whether they will excuse plaintiff from exhausting administrative remedies.

Plaintiff's exhibit 103, undated and titled "NOTICE OF CLASS ACTION", states, in part, that:

> If you are an inmate who is currently infected with the Hepatitis C virus, you are now a member of a limited class action in a lawsuit titled *Anstett v. State or Oregon*, (USDC Case No. 01-1619-BR). The lawsuit generally challenges the

> ODOC's practices and procedures for hepatitis C testing, diagnosis and treatment of inmates.
>
> As an inmate infected with the hepatitis C virus you do not need to take any action to be included in this lawsuit. If you are infected with the hepatitis C virus and are incarcerated, you are automatically included as a class member. . . .
>
> The class is mandatory and thus inmates who are infected with the hepatitis C virus do not have the option of proceeding separately. The trial in this lawsuit will decide whether or not the ODOC's practices and procedures for hepatitis C testing, diagnosis and treatment of inmates are constitutionally and legally adequate. No money damages will be awarded as part of the class action proceedings. A member of the class who believes he has money damages may chose to file suit separately following the trial in this case.

Plaintiff does not explain how this document prevented him from exhausting his administrative remedies with respect to his claim for damages here. Nor can the court perceive any reason it would. While the document informed plaintiff that he need not take any action in order to be a class member in <u>Anstett</u>, the document expressly informed plaintiff that actions for money damages, such as plaintiff's action here, were not included in the <u>Anstett</u> proceedings and would be handled separately. There is no mention of either a bar to or an excuse from the exhaustion requirement prior to seeking money damages for complaints related to the ODOC's treatment of inmates infected with HVC. Further, there is no evidence in the record or even an allegation by plaintiff to indicate when plaintiff received this document, i.e., before or after this action was filed. Thus, plaintiff was

not excused from the exhaustion requirement on the basis of plaintiff's exhibit 103.

Plaintiff's exhibit 104, dated August 3, 2004, and titled "INMATE COMMUNICATION", states, in part, as follows:

> STATE YOUR REQUEST IN DETAIL: Are we able to grieve Hep C issues under rule(s) 109 yet? [signed by plaintiff]
>
> RESPONSE/ACTION TAKEN: No - Although the court has made a decision, they have appointed a committee of specialists to review the ODOC protocol. No final decisions have been made related to treatment. [signed by T Hicks]

Similarly, plaintiff's exhibit 105, dated November 4, 2004, and titled "INMATE COMMUNICATION", states, in part, as follows:

> STATE YOUR REQUEST IN DETAIL: Are prisoners allowed to grieve Hepatitis C virus issues yet? If so when did this start? Thank You [signed by plaintiff]
>
> RESPONSE/ACTION TAKEN: Not yet - part of the settlement was for an outside panel of physicians to review treatment guidelines + application of medical care applying those guidelines. [signed by T Hicks]

While plaintiff's exhibits 104 and 105 appear to indicate that he was erroneously informed that he was unable to grieve all HVC related issues, those exhibits are dated after the filing of his complaint here. There is no evidence in the record that plaintiff even attempted to satisfy the ODOC's administrative procedures for medical grievances prior to filing suit in federal court. As such, he has not met the strict requirement set forth by the PLRA that prisoners <u>must</u> seek all nonjudical remedies prior to filing suit in federal court. Nor would it be futile, in light of Hick's statements that plaintiff was not yet

permitted to grieve HVC issues, to dismiss plaintiff's complaint so that he may exhaust administrative remedies. In a supplemental affidavit, Hicks, the Grievance Coordinator and Minority Affairs Officer at SRCI, explained that she "now understand[s] that inmates may grieve their individual health care issues as they relate to medical treatment for Hepatitis C or any other individual medical care." Thus, the grievance process is available to plaintiff for complaints related to his HVC status.

The court is unable to reach the merits of plaintiff's civil rights claims unless and until plaintiff has exhausted his administrative remedies through the prison system. The court concludes that plaintiff has not yet complied with the exhaustion requirement and defendants' Unenumerated 12(b) Motion to Dismiss should be granted.

## CONCLUSION

Based on the foregoing, defendants' Unenumerated 12(b) Motion to Dismiss (doc. #17) should be GRANTED, and plaintiff's Complaint (doc. #2) should be DISMISSED without prejudice. All remaining motions should be DENIED as moot.

Dated this  7   day of December 2005.

                                              /s/Donald C. Ashmanskas  
                                                Donald C. Ashmanskas  
                                      United States Magistrate Judge

**SCHEDULING ORDER**

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due December 22, 2005. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.